1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT
9              CENTRAL DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11 HALEY HICKY, | Case No.  2:13-cv-03105-ABC-JC |
| 12           Plaintiff, | **PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION AND DOCUMENTS** |
| 13 vs. | |
| 14 SLS HOTEL AT BEVERLY HILLS, a business entity, form unknown, and DOES 1 through 50, Inclusive, | **[CHANGES MADE BY COURT TO PARAGRAPHS 4, 11, 14, 15, 17, 18, 19]** |
| 15 | |
| 16           Defendant. | |

17
18   / / /
19   / / /
20   / / /
21   / / /
22   / / /
23   / / /
24   / / /
25   / / /
26   / / /
27   / / /
28

**[PROPOSED] ORDER**

Having reviewed Plaintiff Haley Hicky ("Plaintiff") and Defendant The Sheraton, LLC's ("Defendant") JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION AND DOCUMENTS, and for good cause shown, it is hereby ordered:

1.      Good cause exists for the Court to grant this stipulation and issue a protective order, so as to permit the Parties to engage in the discovery process without improperly disclosing or divulging confidential, sensitive, and/or private information of the Parties, or any of them, and to prevent the dissemination of constitutionally-protected private information of third party-non litigants.

2.      Certain documents and/or other information or testimony may be produced, disclosed, demanded, or otherwise provided through discovery in this action that constitute confidential, proprietary or trade secret information, private third-party information and customer information, and/or private records.  Such confidential documents may include, but are not limited to, non-party employment records and files, non-party complaints and documents relating to the investigation thereof, and Defendant's employment practices insurance policy.  The Parties hereby stipulate that any such documents that the Parties believe in good faith constitutes such confidential information may be designated "Confidential" subject to the provisions set forth herein.  The Parties further agree to use reasonable care to limit any such designation to specific material that qualifies under the appropriate standards and shall not use the designation process to unnecessarily encumber case development or impose unnecessary expenses and burdens on the other party.

3.      "Confidential" documents, discovery, and deposition testimony shall not be disclosed to or discussed with any person, corporation, partnership, firm, governmental agency, association or any other entity whatsoever, except:

///

2

a.  Plaintiff;

b.  Plaintiff's counsel;

c.  Defendant and its management;

d.  Defendant's counsel;

e.  Witnesses who are deposed in this litigation, including, but not limited to Rob Floyd and other current or former employees of Defendant;

f.  Experts and/or consultants retained by Plaintiff or Defendant;

g.  Mediators retained by Plaintiff or Defendant;

h.  The Court or any persons employed by Court whose duties require access to any information lodged or filed in connection with this action;

i.  Any other person as to whom the Parties agree in writing.

4.  All experts, consultants, mediators and persons employed to record deposition testimony and any other person to whom such confidential information will be disclosed pursuant to this provision other than the Court/Court personnel, shall agree to be bound by the terms of this protective order, and shall execute the Acknowledgment and Agreement attached as Exhibit A.

5.  When used in this Stipulation and Order, the word "document(s)" means all written, recorded, electronic or graphic matters created and whatever the medium on which it was produced or reproduced, including but not limited to, documents produced by agreement, and may also include deposition transcripts and exhibits and electronic data, files and records.

6.  "Confidential" documents shall be designated by marking each page of the document with the legend "Confidential."  Documents produced by a non-designating party, may be marked by another party as "Confidential" by providing written notice to all other counsel of record in this action specifically identifying by

3

Bates Number, Bates Number ranges, or other similarly specific description of the documents being designated.

7.      It shall be the duty of the designating party to inform all other Parties as to which materials that are not in documentary form are to be treated as "Confidential" by designating the information with reasonable particularity.

8.      Information disclosed during depositions may be designated as "Confidential" either on the record at deposition or within 30 days of receipt of the transcript by any party.  Prior to the expiration of the 30-day period, all information disclosed during a deposition shall constitute "Confidential" information unless otherwise agreed by the Parties, ordered by the Court, or so designated at the deposition, except that within 30-days of the filing deadline for any Motion for Summary Judgment or Opposition papers thereto, and/or within 30-days of trial, the 30-day presumptive confidentiality period shall be reduced to 7 days.  Any document attached to any deposition previously marked as "Confidential" shall remain so designated whether or not so designated at deposition.  Similarly all testimony related to a document so marked shall also be treated as "Confidential" whether or not so designated at deposition.

9.      The party to whom documents or materials not in documentary form have been produced reserves the right to challenge the designation of any documents as "Confidential."  The party disputing the "Confidential" designation of any document, materials, or testimony must notify the party of its dispute in writing. The Parties shall meet and confer in good faith in an attempt to resolve the issue without court intervention pursuant to Local Rule 37-1.  Any motion challenging the designation of any documents as "Confidential" must be made in strict compliance with Local Rules 37-1 and 37-2, including the requirement for filing a Joint Stipulation concerning unresolved issues.  The document(s) or testimony will remain confidential until the Court rules on the matter.

4

10.     The Parties agree that no documents, materials, or testimony produced by a party during the course of these proceedings designated as "Confidential" shall be used by another party or her, his or its counsel for any purpose other than the litigation of this action.

11.     To the extent that any "Confidential" documents, materials, or testimony are to be submitted to the Court, those documents, materials, and testimony shall be submitted for filing under seal pursuant to the terms of this Stipulation and Order.  Any party who wishes to file any documents, testimony, material or information subject to this order shall take all steps necessary to ensure that said material, documentation, testimony or information is submitted for filing under appropriate seal with the Court.  Procedures for submitting any records or documents for filing under seal shall be pursuant to the Central District of California Local Rule 79-5.1, unless otherwise ordered by the Court.

12.     Production of any document or information without a designation as provided herein will not be deemed to waive a later claim as to its confidential nature or stop the designating party from re-designating a document or information as "Confidential" at a later date.  For the purposes of this Stipulation and Order, any document or information that is subsequently designated shall be "Re-designated Material."  Any party may make this designation by sending written notice of the designation to counsel for the party to whom or from whom such documents or testimony was produced.  Any counsel receiving this notice shall designate all such documents or testimony in accordance with the notice by the designating party.  Disclosure of such a document or information by any party prior to such later re-designation shall not be deemed a violation of the provisions of this Stipulation and Order; provided, however, that the party that disclosed the Re-designated Material shall promptly endeavor to procure all copies of such previously disclosed Re-designated Material from any persons known to have possession of any such

PROTECTIVE ORDER RE: DISCLOSURE OF CONFIDENTIAL INFORMATION
CASE NO. 2:13-CV-03105-ABC-JC

previously disclosed Re-designated Material who are not entitled to receipt under the new designation under Paragraph 3 above.

13.    Nothing in this Stipulation and Order shall be construed as a waiver of any party's right to object on any grounds whatsoever to any requests for discovery or as an agreement by the Parties to produce any documents or to supply any information.  Additionally, none of the provisions of this Stipulation and Order are intended to abrogate the right of either Party to file, or preclude the Court's jurisdiction to rule upon, any Motions to Compel production of records, regardless of designation.

14.    Treatment of the foregoing documents and testimony as "Confidential" shall continue until further order of the Court.  Upon final termination of this action, including all appeals, and at the request of a party, the opposing party and his, her or its counsel shall destroy or return to the requesting party all "Confidential" documents produced by the requesting party, including any copies, extracts or summaries thereof or documents containing information taken there from, but excluding any material which, in the judgment of counsel, are attorney work product materials.  This order shall not prevent the use, at trial or in any motion, of the foregoing confidential information, which shall be appropriately identified and requested to be sealed.  Nothing contained in this Stipulation and Order shall serve to preclude any party from seeking a further order limiting or broadening dissemination or access to confidential information and the Parties specifically reserve their right to alter this Stipulation and Order for purposes of trial of this matter.

15.    All Parties, their counsel and other agents, and all those acting in concert with them shall not use said "Confidential" information in any manner not expressly permitted by this order or as ordered by the Court.

PROTECTIVE ORDER RE: DISCLOSURE OF CONFIDENTIAL INFORMATION
CASE NO. 2:13-CV-03105-ABC-JC

16.     Nothing in this Stipulation and Order shall prevent or otherwise restrict counsel from rendering advice to his or her client during the course of this action, relying generally on his or her examination of items designated as "Confidential."

17.     If any party is notified of a subpoena, request for production, or other court process requiring production of "Confidential" documents and/or information, that party will promptly provide the designating party with a notice of the subpoena or other request.  The designating party may seek to quash the subpoena, limit the subpoena or otherwise oppose the production, it if deems such action appropriate. The party to whom the subpoena has been directed shall not produce responsive documents prior to the date of production specified in the subpoena.  Subject to the last sentence of this paragraph, if the designating party has sought judicial relief, the party to whom the subpoena has been directed shall not produce documents designated as "Confidential" until the Court has entered a ruling and shall, thereafter, produce documents only in accordance with such ruling.  Nothing herein shall prevent a party to whom a subpoena has been directed from responding to the subpoena as required by law.

18.     Any disclosure of information designated "Confidential" as defined herein, other than to the specific Parties, for the specific purposes and under the specific procedures described in this Stipulation and Order shall be considered an "unauthorized disclosure" and shall be considered a breach of this Stipulation and Order entitling the aggrieved party to all appropriate relief within the Court's discretion.  However, such unauthorized disclosure shall not constitute a waiver of the confidential nature of the information or document(s) in question.  Treatment of this information or document(s) as "Confidential" shall continue until further order of the Court as described in Paragraph 14.

19.     This stipulated confidentiality agreement cannot be modified except by Court order or upon a writing executed by both Parties to this action.  Any such

PROTECTIVE ORDER RE: DISCLOSURE OF CONFIDENTIAL INFORMATION
CASE NO. 2:13-CV-03105-ABC-JC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

writing, as well as this stipulated confidentiality agreement, may be executed in counterparts.  However, absent adoption by the Court no such writing will constitute or be enforceable as a Court order.

20.     The Parties intend for this Stipulation and Protective Order to be binding and enforceable against them beginning at the time it is executed by their counsel even though it may not yet be ordered by the Court.

**IT IS SO ORDERED.**

DATED:  February 28, 2014                    _____/s/_____
                                                              Honorable Jacqueline Chooljian
                                                              U.S. MAGISTRATE JUDGE

8